IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| URSULA FULKS INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MARVIN FULKS<br><br>v.<br><br>TG LOGISTICS TRANSPORTATION INC. and SERGE BRUNO | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:21-cv-02433<br>§<br>§<br>§<br>§ |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

    Pursuant to 28 U.S.C. § 1447(b), attached hereto are complete true and correct copies of all documents filed in the state court action:

    (1) Plaintiff's Original Petition; and
    (2) Defendants' Original Answer.

    Respectfully submitted,

    COX P.L.L.C

    */s/ Clinton V. Cox, IV*
    _____
    **Clinton V. Cox, IV**
    State Bar No. 24040738
    ccox@coxpllc.com
    **Lisa Yerger**
    State Bar No. 24063210
    lyerger@coxpllc.com
    8144 Walnut Hill Lane, Suite 1090
    Dallas, Texas 75231
    P: (214) 444-7050
    F: (469) 340-1884

    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorney of record, pursuant to the Federal Rules of Civil Procedure on this the 4th day of October 2021.

_____
**Clinton V. Cox, IV**

Case 3:21-cv-02433-M   Document 1-3   Filed 10/04/21   Page 3 of 14   PageID 11

FILED
8/31/2021 3:31 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-03672-C

| | | |
|---|---|---|
| URSULA FULKS INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MARVIN FULKS | § § § § § | IN THE COUNTY COURT |
| v. | § § § | AT LAW NO. \_\_\_\_\_ |
| TG LOGISTICS TRANSPORTATION INC. AND SERGE BRUNO | § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Ursula Fulks, Individually and on behalf of the Estate of Marvin Fulks ("Plaintiff") files this Original Petition complaining of Defendants TG Logistics Transportation Inc. and Serge Bruno ("Defendants") and for cause of action state the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiffs state that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiffs' Original Petition.

### PARTIES

3. Plaintiff Ursula Fulks is an individual residing in Rockwall County, Texas. Plaintiff Ursula Fulks is the surviving wife of Marvin Fulks, deceased, and as such, brings this cause, pursuant to section 71.001 *et. seq.* of the TEXAS CIVIL PRACTICE AND REMEDIES CODE (the wrongful death statute), for all damages she is entitled to receive as statutory beneficiary for the loss of her husband. Plaintiff Ursula Fulks additionally brings this cause, pursuant

to section 71.021 et. seq. of the TEXAS CIVIL PRACTICE AND REMEDIES CODE (the survival statute), for all damages sustained by Marvin Fulks as a result of the collision resulting in his death, as set forth herein.

4. Defendant TG Logistics Transportation Inc. is a non-resident foreign entity that is doing business in the State of Texas; a current search of records from the Texas Secretary of State (a) does not reveal the correct corporate entity name, (b) does not reflect a regular place of business in Texas, and (c) does not designate an agent for service of process. This non-resident entity is doing business in the State of Texas, therefore pursuant to CPRC § 17.044 service of process may be accomplished by service on the **Secretary of State, Citations Unit, 1019 Brazos, Room 105, Austin, Travis County, 78701** who will accomplish service upon Defendant TG Logistics Transportation Inc. by mailing a copy of the citation and petition to the defendant by registered mail or certified mail return receipt requested to its registered agent Serge Bruno at 1530 Adview Road SE, Palm Bay, Florida 32909.

5. Defendant Serge Bruno is a non-resident. A current search of records indicates that he resides at 1530 Adview Road SE, Palm Bay, Florida 32909 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas, 78701, pursuant to §17.062.

## VENUE AND JURISDICTION

6. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7. This lawsuit is based on a motor vehicular collision occurring on or about September 1, 2020, at or on the 2100 block of IH-30, Mesquite, Texas (hereinafter referred to as "The Collision").

8. The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants. Such acts of negligence are more defined in the below paragraphs.

9. At the time of The Collision, Defendant Serge Bruno was working in the course and scope of his employment for TG Logistics Transportation Inc.

10. At the time of The Collision, Defendant Serge Bruno made an unsafe lane change in front of Marvin Fulks' vehicle causing the collision. Marvin Fulks did not have any opportunity to avoid the collision. Marvin Fulks passed away from his injuries.

## CAUSES OF ACTION

### Negligence, Negligence *Per Se*, and/or Respondeat Superior

11. At the time of The Collision, Defendant Serge Bruno was negligent and / or negligent *per se* in one or more of the following particulars:

    a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
    b. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
    c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
    d. In failing to yield the right-of-way;
    e. In failing to maintain his vehicle under control;
    f. In following too closely;
    g. In disregarding traffic signals;
    h. In failing to take proper evasive action;
    i. In driving while inattentive;
    j. In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
    k. In violating Texas Transportation Code Sections 545.060 (driving on roadway

laned for traffic), 545.351 (maximum speed requirement), and 545.4251 (use of portable wireless communication device for electronic messaging).

12. At the time of the collision, Defendant Serge Bruno was an employee of Defendant TG Logistics Transportation Inc. Defendant Serge Bruno was acting within the course and scope of such employment at the time of the occurrence and at all relevant times prior thereto. As such, Defendant TG Logistics Transportation Inc. is legally responsible for its driver's negligence and negligence *per se* under the doctrine of respondeat superior / vicarious liability.

13. Defendant TG Logistics Transportation Inc. was negligent in hiring Defendant Serge Bruno as a driver and negligent in allowing him to continue driving vehicles for it when they reasonably should have known that it was unsafe to do so. It was also negligent in its training of Defendant Serge Bruno. Such training would have prevented the occurrence in question. Additionally, it was negligent in its safety teaching, collision prevention, and the operation of its company vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

14. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiffs' injuries and damages.

## **PERSONAL INJURIES AND DAMAGES**

15. As a result of Defendants' negligent actions, Marvin Fulks was injured and killed. Consequently, Plaintiff Ursula Fulks (individually and on behalf of the Estate of Marvin Fulks) seeks recovery of the following damages:

    a. The expenses incurred for any treatment, care and transportation of Marvin Fulks as a result of the injuries he sustained as a result of the collision;

    b.      The conscious physical pain and emotional pain, torment and suffering experienced by Marvin Fulks before his death as a result of the accident; and

    c.      The funeral and burial expenses incurred for the funeral and burial of Marvin Fulks;

    d.      The loss that Ursula Fulks suffered and continues to suffer as a result of the loss of care, maintenance, support, services, advice and counsel from Marvin Fulks;

    e.      The loss of companionship and society that Ursula Fulks suffered and continues to suffer as a result of the loss of the positive benefits flowing from the love, comfort, companionship and society that they would have received had Marvin Fulks lived;

    f.      The emotional pain, torment and suffering experienced by Ursula Fulks because of the death of Marvin Fulks;

    g.      The loss of earning capacity sustained by Ursula Fulks as a result of the grief and emotional devastation sustained as a result of Marvin Fulks' death; and

    h.      The loss of inheritance sustained by Ursula Fulks as a result of the death of Marvin Fulks.

## U.S. LIFE TABLES

16. Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services – National Vital Statistics Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

17. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

18. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule

47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

19. Plaintiff request that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

    a.    Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b.    Pre-judgment interest at the maximum amount allowed by law;
    c.    Post-judgment interest at the maximum rate allowed by law;
    e.    Costs of suit; and
    f.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**REYES | BROWNE | REILLEY**

/s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**

Case 3:21-cv-02433-M Document 1-3 Filed 10/04/21 Page 9 of 14 PageID 17

FILED
10/4/2021 9:35 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-03672-C

| | | |
|---|---|---|
| URSULA FULKS INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MARVIN FULKS | § § § § | IN THE COUNTY COURT |
| *Plaintiffs,* | § § | |
| v. | § § | AT LAW NO. 3 |
| TG LOGISTICS TRANSPORTATION INC. and SERGE BRUNO | § § § § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS SERGE BRUNO AND TG LOGISTICS TRANSPORTATION INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **Serge Bruno and TG Logistics Transportation Inc.**, Defendants in the above-styled and numbered cause, and files this their Original Answer, Affirmative Defenses and Special Exceptions and would respectfully plead as follows:

### I.
### GENERAL DENIAL

1. Defendants deny each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demand strict proof thereof. Defendants reserve the right to plead further.

### II.
### AFFIRMATIVE DEFENSES

2. The events and circumstances made the basis of Plaintiffs' claims were solely caused by the acts and/or omissions of Marvin Fulks.

3. Plaintiffs' cause of action has no basis in fact, as no reasonable person could believe the facts as pleaded. It is clear from the police report, investigation, physical evidence, and credible

eyewitness testimony that Defendants' vehicle stopped due to traffic ahead, when Decedent Marvin Fulks, who was fatigued/asleep, not paying attention, following too closely, and travelling at an unsafe speed, did not notice traffic stopped in front of him and struck the back of Defendants' trailer at a high rate of speed.  Defendants did nothing to cause or contribute to this accident.

4. In the unlikely event that Defendants are found liable for any alleged damages, Defendants assert the defense of comparative negligence and/or fault and are entitled to a reduction in damages under the proportionate responsibility statutes set forth in Chapter 33 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code § 33.001 *et seq*.

5. Any recovery for damages allegedly suffered by Plaintiffs is barred, in whole or in part, or should be reduced proportionately by the contributory negligence and/or comparative fault of Plaintiff Marvin Fulks, and/or responsible third parties. Defendants hereby invoke all privileges, rights and remedies contained in Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

6. Plaintiffs' recovery, if any, of medical or healthcare expenses should be limited to the amount actually paid, or incurred, by or on behalf of the Plaintiffs pursuant to Tex. Civ. Prac. & Rem. Code § 41.0105; *Haygood v. Escobedo*, 356 S.W.3d 390, 399-400 (Tex. 2011).

7. Defendants assert that the events and circumstances made the basis of Plaintiffs' claims and this lawsuit were caused by the negligence of persons over whom Defendants had no control, and for who Defendants are not in law responsible.

8. The damages claimed by Plaintiffs were the result of a new and independent cause, unrelated to any act or omission by Defendants.

9. There is no causal relationship between Defendants' alleged acts and/or omissions and the events and circumstances forming the basis of Plaintiffs' claims and alleged damages.

10. Plaintiffs' alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding acts or events beyond the control, and unrelated to the conduct of Defendants. All alleged negligent acts of Defendants asserted by Plaintiffs, which are denied, were superseded by such unforeseeable, independent, intervening and superseding acts or events.

11. Defendants are not liable to Plaintiffs, as the alleged events and damages were not reasonably foreseeable, and therefore are too remote or speculative with respect to any acts and/or omissions of Defendants.

12. Plaintiffs' recovery of lost earnings and/or of earning capacity is limited to a net loss after reduction for federal income tax obligations. Defendants request that the jury be instructed regarding the application of federal income taxes to each of Plaintiffs' claims for compensatory damages. TEX. CIV. PRAC. & REM. CODE § 18.091.

13. Pleading further if such is necessary, Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during any discovery proceedings in this cause and hereby reserve its rights to amend its answer to plead or assert any such defense.

## III.
## JURY DEMAND

14. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury.

## IV.
## NOTICE OF INTENT

15. Defendants hereby give notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

## V.
## REQUEST FOR DEPOSITIONS

16. Should this matter not be dismissed or adjudicated by preliminary motion, Defendants hereby request dates for the depositions of Plaintiffs, Plaintiffs' family and friends, treaters and experts, as well as any accident or pre-accident witnesses. Defendants envision such depositions will need to be taken after reasonable time for written discovery, including Defendants being provided, or seeking through subpoena, the relevant records related to this accident and Plaintiffs' alleged damages.

## VI.
## NOTICE OF INTENT

17. Defendants hereby gives notice of intent to utilize items produced in discovery in the trial of this matter, and the authenticity of such items is self-proven per Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Serge Bruno and TG Logistics Transportation Inc. respectfully pray that Plaintiffs takes nothing and assess costs against the Plaintiffs. Defendants request such other and further relief, at law or in equity, both general and special, at law and in equity, to which Defendants may show themselves justly entitled to receive and for which Defendants shall ever pray.

Respectfully submitted;

COX P.L.L.C

*[signature]*

**Clinton V. Cox, IV**
State Bar No. 24040738
ccox@coxpllc.com
**Lisa Yerger**
State Bar No. 24063210
lyerger@coxpllc.com
7859 Walnut Hill Lane, Suite 310
Dallas, Texas 75230
Tel:    (214) 444-7640
Fax:    (469) 340-1884

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorney of record, pursuant to the Texas Rules of Civil Procedure on this the 4th day of October 2021.

*[signature]*

**Clinton V. Cox, IV**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christie Bunch on behalf of Clint Cox
Bar No. 24040738
cbunch@coxpllc.com
Envelope ID: 57829807
Status as of 10/4/2021 10:34 AM CST

Associated Case Party: URSULA FULKS INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF MARVIN FULKS

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Christian Barragan | | cbarragan@reyeslaw.com | 10/4/2021 9:35:22 AM | SENT |
| Spencer P.Browne | | spencer@reyeslaw.com | 10/4/2021 9:35:22 AM | SENT |
| Hussain Ismail | | Hussain@reyeslaw.com | 10/4/2021 9:35:22 AM | SENT |
| Marco Gonzalez | | marco@reyeslaw.com | 10/4/2021 9:35:22 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| D'ANN GARDNER | | ALLIANCETEXAS@HOTMAIL.COM | 10/4/2021 9:35:22 AM | SENT |
| Christie Bunch | | cbunch@coxpllc.com | 10/4/2021 9:35:22 AM | SENT |
| Clint V.Cox | | ccox@coxpllc.com | 10/4/2021 9:35:22 AM | SENT |
| Lisa Yerger | | lyerger@coxpllc.com | 10/4/2021 9:35:22 AM | SENT |